IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

DORESTA PETERS, Individually and as :
Administrator of the Estate of :
CLARISSA PICCENTI, :
: CIVIL ACTION NO. 2:11-cv-0440
Plaintiffs, :
:
vs. :
:
MEDTRONIC, INC. :
:
Defendant. :
:

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, certain documents sought in pretrial discovery in this action may contain confidential and/or proprietary commercial and trade secret information, the disclosure of which would have an adverse impact upon plaintiff's or defendant's businesses,

IT IS HEREBY STIPULATED AND AGREED by and among the parties to this action, Doresta Peters, individually and as administrator of the Estate of Clarissa Piccenti, and Medtronic, Inc. ("Medtronic"), through their undersigned counsel, as follows:

1. All materials and copies, transcriptions, or other reproductions of materials (collectively "materials") produced by Medtronic pursuant to the discovery provisions of the Rules of Civil Procedure, an Order of this Court, or otherwise, which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature, shall be subject to the provisions of this Confidentiality Stipulation and Protective Order. This Confidentiality Stipulation and Order does not restrict the use or dissemination of information obtained legally from sources other than the parties and/or their counsel.

2.  Medtronic may designate as "Confidential" any documents or other materials produced in this action which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature including but not limited to information relating to pricing, specifications, engineering, design, testing, manufacturing or inspection by, prior to the production of such materials, by stamping or otherwise designating such materials as "Confidential."

    a.  Counsel for a party to this action may challenge the designation of any materials designated as "Confidential" by first requesting a "meet and confer" with the producing party in an attempt to amicably resolve the challenge. In the event an agreement cannot be reached, the challenging party may make written application to this Court, which application shall describe with specificity the materials for which the designation of "Confidential" is being challenged and the grounds or bases on which the designation is being challenged. The materials designated "CONFIDENTIAL" shall continue to be treated as such and subject to the provisions of this Stipulation and Protective Order pending determination by the Court of the merits of any such challenge.

3.  Materials and the contents of materials designated as "Confidential" shall only be used for purposes of this action and for no other purpose, case or claim, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal), the parties to this action and counsel for the parties in this action who have executed this Confidentiality Stipulation and Protective Order, except as is hereinafter provided.

    a.  The submission to this Court of materials or the contents of materials designated as "Confidential" shall not constitute a violation of, or a waiver of the protections afforded by this Confidentiality Stipulation and Protective Order to the materials or contents of the materials so submitted.

    b. The disclosure by counsel for a party to this action of materials or the contents of materials designated as "Confidential" to other counsel, to paralegals, and to clerical staff employed in the counsel's office shall not constitute a violation of, nor a waiver of the protections afforded by this Confidentiality Stipulation and Protective Order, with respect to the materials or contents of the materials so disclosed.

    c. The disclosure by counsel for a party to this action of materials or the contents of materials designated as "Confidential" to experts or consultants who are employed by such party or counsel, and who, prior to such disclosure, have executed an Affidavit in the form attached hereto as Exhibit "A," shall not constitute a violation of, nor a waiver of the protections afforded by this Confidentiality Stipulation and Protective Order, with respect to the materials or contents of the materials so disclosed. Counsel for the disclosing party shall retain all such Affidavits until the final disposition of the case and at the conclusion of the case such counsel shall (i) execute an Affidavit in the form attached hereto as Exhibit "B," which shall state that he or she has obtained all of the Affidavits required under this Confidentiality Stipulation and Protective Order, and (ii) mail a copy of the executed Affidavit in the form attached hereto as Exhibit "B" to Medtronic's counsel.

    4. In the event counsel for a party to this action desires to disclose materials or the contents of materials designated as "Confidential" to any person or entity <u>other than those described in Paragraph 3</u> above, the disclosing counsel shall first notify counsel for Medtronic indicating his or her intention to make the disclosure, the date and location of the disclosure, and shall set forth the identity of the person or entity to whom the disclosure is to be made.

      a.      If Medtronic promptly notifies disclosing counsel of its objection to the disclosure, no disclosure shall be made pending a decision by the Court on any application for an Order preventing the disclosure sought or limiting the disclosure.

      b.      In the event of a disclosure of materials or the contents of materials designated as "Confidential" to persons or entities other than those described in Paragraph 3 above, whether by agreement of the designating party producing such materials or pursuant to Court Order, counsel desiring such disclosure shall, prior to such disclosure, require the person or entity to whom the disclosure is to be made to execute an Affidavit in the form attached hereto as Exhibit "A." Counsel for the disclosing party shall retain all such Affidavits until the final disposition of the case, and at the conclusion of the case such counsel shall (i) execute an Affidavit in the form attached hereto as Exhibit "B," which shall state that he or she has obtained all of the Affidavits required under this Confidentiality Stipulation and Protective Order, and (ii) mail a copy of the executed Affidavit in the form attached hereto as Exhibit "B" to Medtronic's counsel.

      5.      Attendance at depositions taken in this action at which materials or the contents of materials designated as "Confidential" are identified, discussed, or disclosed shall be limited to the parties to this action, counsel for the parties to this action, including paralegals, and clerical staff employed in his or her office, the court reporter, the witness, counsel for the witness and any experts or consultants who are employed by such counsel and who, prior to the deposition, have executed an Affidavit in the form attached hereto as Exhibit "A."

      a.      In the event materials or the contents of materials designated as "Confidential" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those described in Paragraph 3 above, the deponent shall be required

to acknowledge on the record that he or she has been advised of and agrees to be bound by the terms of this Confidentiality Stipulation and Protective Order.

        b. No transcript nor any portion of any transcript of any deposition taken in this action wherein materials or the contents of materials designated as "Confidential" are identified, discussed, or disclosed, shall be disclosed to any person or entity except as is provided in this Confidentiality Stipulation and Protective Order.

        6. Counsel for a party to this action at any time may make a request to Medtronic that the provisions of this Confidentiality Stipulation and Protective Order be waived as to certain of those materials designated as "Confidential", which are to be specifically described in any such request.

        a. In the event such a waiver is not promptly given, and such a waiver shall not be unreasonably withheld, counsel requesting the waiver may make written application to this Court for an Order requiring such a waiver, which application shall (i) describe with specificity the materials for which such a waiver has been sought, and (ii) set forth with specificity the reasons for the requested waiver.

        b. In the event such a waiver is given by Medtronic or granted by the Court, then upon request of counsel for Medtronic, the other party's counsel (disclosing counsel) shall promptly provide a list of all persons or entities to whom or to which materials or the contents of materials for which such a waiver has been given or granted have been disclosed.

        7. In the event that counsel for a party desires to identify, discuss, disclose, or otherwise use materials or the contents of materials designated as "Confidential" during the course of pretrial or trial proceedings, he or she shall, prior to such identification, discussion, disclosure or use, advise counsel for Medtronic, who may at the time of or after such identification, discussion,

disclosure or use, request that any portion of any transcript wherein materials or the contents of such materials are identified, discussed, disclosed, or used, and/or any exhibits wherein materials or the contents of materials designated as "Confidential" are identified, discussed, disclosed, or used, be filed under seal with this Court pursuant to Local Rule 79.3 and be accorded the protections afforded by this Confidentiality Stipulation and Protective Order.

8. In the event that counsel for a party desires that materials designated as "Confidential", or transcripts or other things wherein materials or the contents of materials are designated as "Confidential," be filed under seal, such party shall submit a motion supported by good cause pursuant to Federal Rule of Civil Procedure 26(c) seeking leave of Court to file any such materials under seal. The requirements of Local Rule 79.3 shall be followed in any motion seeking leave to file under seal or any filing of "Confidential" documents which the Court permits, on motion, to be filed under seal.

9. This Confidentiality Stipulation and Protective Order, to the extent to which it restricts the depositing, disclosure, discussion, identification, and use of materials and the contents of materials designated as "Confidential," shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs.

a. Within ninety (90) days after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, all materials designated as "Confidential," including without limitation, all transcripts or other things wherein materials or the contents of materials designated as "Confidential" are identified, discussed, disclosed, or otherwise used, shall by counsel then having possession, custody, or control of such materials, transcripts, or other things, be destroyed or be returned to counsel for Medtronic,

-6-

and such destroying or returning counsel shall execute an Affidavit in the form attached hereto as Exhibit "B," which shall at the same time be mailed to counsel for Medtronic.

10. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to preclude Medtronic from seeking additional protection for such materials or the contents of such materials or from otherwise seeking a modification of this Confidentiality Stipulation and Protective Order.

11. This Confidentiality Stipulation and Protective Order is subject to modification or dissolution by the Court upon notice to all counsel and an opportunity to be heard.

12. Notwithstanding the date upon which this Court enters this Confidentiality Stipulation and Protective Order, this Confidentiality Stipulation and Protective Order shall become effective and binding upon each of the parties to this action, plaintiff and defendants and each of their undersigned counsel, on the date each such party and/or each such counsel executes same.

13. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment, or decree.

14. This Confidentiality Stipulation and Protective Order may be executed in one or more counterparts, in which case all executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

15. Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Confidentiality Stipulation and Protective Order voluntarily and have read and understood the terms and provisions of this Confidentiality Stipulation and Protective Order.

THE DONAHEY LAW FIRM

*(signature)*

Mark E. Defossez
Ohio Bar No. 0054508
495 S. High Street, Suite 300
Columbus, OH 43215
(614) 224-8166
(614) 849-0475 (Facsimile)

*Trial Attorney for Plaintiff*

Dated: ~~July~~ Sep. 9, 2011

TOWNE, HANNA & RASNICK, CO., L.P.A.

*(signature)*

Andrew T. Hayes
Ohio Bar No. 0075304
383 S. Main Street, Suite 402
Akron, Ohio 44311
(330) 253-2227
(330) 253-1261 (Facsimile)
ahayes@neolaw.biz

*Trial Attorney for Defendant Medtronic, Inc.*

Dated: ~~July~~ Sept. 15, 2011

MORGAN, LEWIS & BOCKIUS LLP

*(signature)*

John P. Lavelle, Jr.
PA ID No. 54279
*Admitted Pro Hac Vice*
1701 Market Street
Philadelphia PA 19103-2921

*Counsel for Defendant Medtronic, Inc.*

Dated: ~~July~~ Sept. 15, 2011

Dated: ~~July~~ 9/26/11

APPROVED AND SO ORDERED:

*(signature)*

J. _____

-8-

## EXHIBIT "A"

AFFIDAVIT OF _____

STATE OF _____ :
: SS.
COUNTY OF _____ :

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being duly sworn, states as follows:

1. My name is _____, I am over the age of 18 years and am a resident of _____ County, _____ I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am are aware that a Protective Order has been entered in <u>Doresta Peters, Individually and as Administrator of the Estate of Clarissa Piccenti v. Medtronic, Inc.</u>, in the U.S. District Court for the Southern District of Ohio, Civil Action No. 2:11-cv-0440. A copy of that Protective Order has been shown to me and I have read and understood its contents.

3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated as "Confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated as "Confidential" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in

his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated as "Confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case I promise to deliver all such copies, transcriptions, or reproductions only to the counsel who so directed me to make such copies, transcriptions, or reproductions and to no other person or entity.

6. By signing this Affidavit, I also promise that at the conclusion of this litigation, I will return any and all materials designated as "Confidential" pursuant to the above-described Protective Order, and any copies therefore, made or delivered to me, to the counsel who provided them to me.

7. I understand that any use of the materials or contents of the materials designated as "Confidential" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the sanctions of this Court for contempt.

8. I understand that my obligations as stated above in this Affidavit shall survive the settlement or trial of the above-described civil action.

_____
AFFIANT

Subscribed and sworn to before me
this \_\_\_\_\_ day of _____, 2011.

_____
Notary Public

My Commission Expires:

## EXHIBIT "B"

STATE OF _____ :
: SS.
COUNTY OF _____ :

      Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esquire, who after first being duly sworn, states as follows:

      My name is _____, I am over the age of 18 years and am a resident of _____, County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

      To the extent I disclosed any materials or the contents of materials designated as "Confidential," I obtained each Affidavit required under the Confidentiality Stipulation and Protective Order prior to such disclosure and maintained each Affidavit during the pendency of this action. I have either destroyed or attached hereto all of the materials, transcripts, and other things in my possession described in the Confidentiality Stipulation and Protective Order which was entered by the court in <u>Doresta Peters, Individually and as Administrator of the Estate of Clarissa Piccenti v. Medtronic, Inc.</u>, in the U.S. District Court for the Southern District of Ohio, Civil Action No. 2:11-cv-0440.

_____
AFFIANT

Subscribed and sworn to before me
this \_\_\_\_\_ day of _____, 2011.

_____
Notary Public

My Commission Expires: